# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH WILLIAM HAISCH, | Case No. 1:22-cv-01314-JLT-EPG-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS |
| v. | |
| WARDEN, | (ECF No. 14) |
| Respondent. | |

Petitioner Kenneth William Haisch is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. As Petitioner's statutory claim cannot be brought pursuant to § 2241 and Petitioner makes no showing that he has obtained prior authorization from the Ninth Circuit to file a successive § 2255 motion, the undersigned recommends that Respondent's motion to dismiss be granted and the petition be dismissed.

**I.**

**BACKGROUND**

Petitioner is currently incarcerated at the Federal Correctional Institution in Mendota, California. (ECF No. 1 at 1.)[1] On November 6, 2017, Petitioner pleaded guilty in the United States District Court for the Eastern District of California to being a felon in possession of a

///

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

firearm, in violation of 18 U.S.C. § 922(g)(1), pursuant to a plea agreement. (App. 45–55.)[2] On February 5, 2018, the United States District Court for the Eastern District of California imposed an imprisonment term of 120 months. (App. 149–55.) Petitioner did not pursue a direct appeal. (ECF No. 17 at 3.) On June 4, 2018, Petitioner filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (App. 156–61.) On February 20, 2019, the motion was denied. (App. 162–70.)

On October 14, 2022, Petitioner filed a federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) In the petition, Petitioner asserts that he is actually innocent of 18 U.S.C. § 922(g)(1) in light of Rehaif v. United States, 139 S. Ct. 2191 (2019), and United States v. Werle, 35 F.4th 1195 (9th Cir. 2022). (ECF No. 1 at 2.) Respondent has moved to dismiss the petition, arguing that Petitioner fails to satisfy the requirements to bring the petition pursuant to § 2241, that it is unauthorized and successive under § 2255, and otherwise fails on the merits. (ECF No. 17.) To date, no opposition or statement of non-opposition to the motion to dismiss has been filed, and the time for doing so has passed.

## II.

## DISCUSSION

### A. Jurisdiction Under 28 U.S.C. § 2241

A federal court may not entertain an action over which it has no jurisdiction. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam). The Ninth Circuit has "consistently held that 'motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court.'" Pinson v. Carvajal, 69 F.4th 1059, 2023 WL 3876485, at *6 (9th Cir. 2023) (quoting Hernandez, 204 F.3d at 864). "Thus, in order to determine whether jurisdiction is proper, a court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2255 before proceeding to any other issue." Hernandez, 204 F.3d at 865.

---

[2] "App." refers to the Appendix lodged by Respondent and Appendix page numbers refer to the page numbers stamped at the bottom right corner. (ECF No. 17-1.)

1     "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by
2 which a federal prisoner may test the legality of his detention, and that restrictions on the
3 availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241."
4 Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted). Nevertheless, a
5 "savings clause" or "escape hatch" exists in § 2255(e) by which a federal prisoner may seek
6 relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or
7 ineffective to test the validity of his detention." 28 U.S.C. § 2255(e).

8     In a recent decision, the Supreme Court held "that § 2255(e)'s saving clause does not
9 permit a prisoner asserting an intervening change in statutory interpretation to circumvent
10 AEDPA's restrictions on second or successive § 2255 motions by filing a §2241 petition." Jones
11 v. Hendrix, No. 21-857, 2023 WL 4110233, at *5 (U.S. June 22, 2023).

> Section 2255(h) specifies the two limited conditions in which Congress has permitted federal prisoners to bring second or successive collateral attacks on their sentences. The inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all.

16 Id. at *9. The petitioner in Jones, like Petitioner here, filed a § 2241 petition pursuant to the
17 savings clause in light of Rehaif, which "held that a defendant's knowledge of the status that
18 disqualifies him from owning a firearm is an element of a § 922(g) conviction." Id. at *4.

19     Based on the foregoing, the Court finds that Petitioner cannot bring a claim based on
20 "Rehaif's statutory holding," Jones, 2023 WL 4110233, at *4, in a § 2241 habeas petition via
21 § 2255(e)'s savings clause[3] and the petition is a disguised § 2255 motion, over which this Court,
22 as the sentencing court, has jurisdiction and may resolve. See Muth v. Fondren, 676 F.3d 815,
23 818 n.2 (9th Cir. 2012) ("[I]f the custodial court and the sentencing court are in the same district,
24 there is no need to transfer the case; the court may simply resolve the § 2255 motion.").
25 ///

---

[3] "[W]here intervening Supreme Court authority is clearly irreconcilable with our prior circuit authority," the Ninth Circuit has held that "district courts should consider themselves bound by the intervening higher authority and reject the prior opinion of this court as having been effectively overruled." Miller v. Gammie, 335 F.3d 889, 900 (9th Cir. 2003) (en banc).

**B.  Unauthorized Successive § 2255 Motion**

> Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a district court has only limited authority to hear a claim presented in a second or successive habeas motion. The court must deny a second or successive motion unless the court of appeals first certifies that the motion relies on a new rule of constitutional law that is retroactively applicable or presents new evidence that meets the criteria set forth in § 2255(h).

Mitchell v. United States, 958 F.3d 775, 784 (9th Cir. 2020).

Here, Petitioner previously filed a § 2255 motion challenging his § 922(g)(1) conviction, and the § 2255 motion was denied. (App. 156–70.) Thus, the instant disguised § 2255 motion is "second or successive." See United States v. Buenrostro, 895 F.3d 1160, 1165 (9th Cir. 2018) ("To be 'second or successive,' the second-in-time motion must challenge the same judgment as the earlier motion."). As Petitioner makes no showing that he has obtained prior authorization from the Ninth Circuit to file this successive motion, this Court has no jurisdiction to consider Petitioner's renewed application for relief and must dismiss the motion. See United States v. Lopez, 577 F.3d 1053, 1061 (9th Cir. 2009) ("If the petitioner does not first obtain our authorization, the district court lacks jurisdiction to consider the second or successive application.").

### III.

### RECOMMENDATION

Based on the foregoing, the undersigned HEREBY RECOMMENDS that Respondent's motion to dismiss (ECF No. 17) be GRANTED and the petition for writ of habeas corpus be DISMISSED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The

assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 6, 2023**                    /s/ Erica P. Grosjean
                                                       UNITED STATES MAGISTRATE JUDGE