**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KENNETH WILLIAM HAISCH,<br><br>        Petitioner,<br><br>    v.<br><br>WARDEN,<br><br>        Respondent. | No. 1:22-cv-01314-JLT-EPG (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Docs. 17, 20) |

    Kenneth William Haisch is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The magistrate judge issued findings and recommendations that recommended granting Respondent's motion to dismiss and dismissing the petition for lack of jurisdiction. (Doc. 20.) The findings and recommendations were served on Petitioner and contained notice that any objections were to be filed within 30 days of the date of service of the findings and recommendations. (*Id.*) To date, Petitioner has not filed objections.

    According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the Court concludes the findings and recommendations are supported by the record and proper analysis. Having found that Petitioner is not entitled to habeas relief, the Court now turns to whether a certificate of appealability should issue. *See Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008) ("Where a petition purportedly brought under § 2241 is merely a 'disguised' § 2255 motion, the petitioner cannot appeal from the

denial of that petition without a COA."). A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), a petitioner "must make a substantial showing of the denial of a constitutional right, . . . includ[ing] showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

The Court finds that reasonable jurists would not find the Court's determination that the petition should be dismissed debatable or wrong, or that Petitioner should be allowed to proceed further. Therefore, the Court declines to issue a certificate of appealability. Accordingly, the Court **ORDERS**:

1. The findings and recommendations issued on July 6, 2023 (Doc. 20) are **ADOPTED IN FULL**.
2. Respondent's motion to dismiss (Doc. 17) is **GRANTED**.
3. The petition for writ of habeas corpus is **DISMISSED**.
4. The Clerk of Court is directed to **CLOSE THE CASE**.
5. The Court **DECLINES** to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **September 17, 2023**

*/s/ Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE